UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL PIZZUTO,<br>    Plaintiff,<br><br>v.<br><br>AIRBORNE EXPRESS, INC., STEVEN<br>CROSSKEN, JOSEPH HAMILTON,<br>GREG SWEATT AND ARTHUR<br>LEVERIS,<br>    Defendants. | DOCKET NO. 04-12492-GAO<br><br>MAGISTRATE JUDGE_____ |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

### Jurisdiction

1. Jurisdiction of this action arises under the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12111, et seq.

### Venue

2. Venue is proper in this court in that this is the judicial district in which Plaintiff resides and in which the relevant events occurred.

### Parties

3. Plaintiff Paul Pizzuto ("Plaintiff") is an individual residing in Lawrence, Essex County, Massachusetts.

4. Defendant Airborne Express, Inc. ("Airborne") is a Delaware corporation doing business in the Commonwealth of Massachusetts with a principal place of business at 1200 South Pine Road, Plantation, Florida and a usual place of business at 200 Fallon Road, Stoneham, Middlesex County, Massachusetts.

RECEIPT # 464460
AMOUNT $ 150 —
SUMMONS ISSUED 5
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. ____
DATE 11-24-04

5.  Defendant Steven Crossken ("Crossken") is an individual with a last known place of business at Airborne's facility located at 200 Fallon Road, Stoneham, Middlesex County, Massachusetts.

6.  Defendant Joseph Hamilton ("Hamilton") is an individual with a last known place of business at Airborne's facility located at 200 Fallon Road, Stoneham, Middlesex County, Massachusetts.

7.  Defendant Greg Sweatt ("Sweatt") is an individual with a last known place of business at Airborne's facility located at 200 Fallon Road, Stoneham, Middlesex County, Massachusetts.

8.  Defendant Arthur Leveris ("Leveris") is an individual with a last known place of business at Airborne's facility located at 200 Fallon Road, Stoneham, Middlesex County, Massachusetts.

General Allegations

9.  Plaintiff was employed as a trucker by Defendant Airborne Express ("Airborne") beginning on or about March 2, 1990 until his termination from employment on July 25, 2003. Plaintiff worked for Airborne for more than 13 years.

10. Defendant Steven Crossken ("Crossken") was at times material Airborne's District Field Services Manager at Plaintiff's workplace and a supervisor over Plaintiff.

11. Defendant Joseph Hamilton ("Hamilton) was at times material Airborne's District Field Services Manager at Plaintiff's workplace and a supervisor over Plaintiff. Hamilton succeeded Crossken in that position in or about March 2003.

12. Defendant Greg Sweatt ("Sweatt") was at times material was a supervisor of Airborne at Plaintiff's workplace.

13. Defendant Arthur Leveris ("Leveris") was at times material was a supervisor of Airborne at Plaintiff's workplace.

14. As of 3/13/02, Plaintiff was an employee in good standing at Airborne with no outstanding warnings or disciplinary actions.

15. On 3/13/02, Plaintiff suffered a work-related injury to his right calf. This work injury was duly reported to Airborne that day.

16. Plaintiff did not seek medical attention initially and he continued to work following the injury. However, Plaintiff had ongoing pain from the injury.

17. On or about 4/16/02, Plaintiff sought medical attention due to worsening symptoms. Plaintiff was diagnosed with a medial gastroc tear of the right calf. He was referred to physical therapy and was prescribed pain medication.

18. Plaintiff was out of work for this work injury from approximately 4/15/02 until 4/29/02 from this work injury. Plaintiff received worker's compensation disability benefits for this period.

19. Airborne is self insured for worker compensation purposes. Airborne makes ultimate decisions with regard to the payment of benefits and is financially responsible for the cost of benefits paid.

20. Airborne is a union shop. The union is Teamsters Local 25 (the "Union").

21. Shortly after Plaintiff's work injury, he began to receive written warnings for various alleged infractions. Plaintiff received a warning for tardiness on 4/2/03 for tardiness dating back to 1/8/02. On 4/4/02, Plaintiff received a warning for "careless and neglectful performance of duties" for failing to turn in a gas card. On 4/5/02, Plaintiff received a warning for job misconduct for alleged "grandstanding" on 4/4/02 when he protested the prior disciplinary actions and for inappropriate conduct on 4/5/02 for making bird sounds and other noises.

22. These disciplinary actions were discriminatory and/or retaliatory and were issued because of Plaintiff's work injury. The issuance of these multiple warnings represented disparate treatment on account of Plaintiff's work injury.

23. On or about 4/29/02, Plaintiff returned to work with restrictions under Airborne's light duty program, which it calls the Early Return to Work Program (ERTW Program).

24. On 5/24/02, Plaintiff was discharged from employment by Defendant Crossken for what he stated was " the cardinal offense of dishonesty – theft of company time."

25. The basis for Plaintiff discharge was that he had fallen asleep on company property during work hours while on light duty.

26. Plaintiff had fallen asleep due to a combination of the medications he was taking for his work injury and sleep apnea from which Plaintiff suffered.

27. Plaintiff's discharge was discriminatory and/or retaliatory and was done because of his work injury.

28. Plaintiff's discharge on 5/24/02 represented disparate treatment on account of Plaintiff's work injury.

29. Plaintiff grieved the discharge through the Union. A grievance meeting was held between the Union and Airborne management on 6/3/02. The result of the grievance meeting was that the discharge was reduced to a two-day suspension. Plaintiff was told to report to work on the following day, 6/4/02.

30. When Plaintiff reported to work as instructed on 6/4/02, Defendant Crossken told Plaintiff that he was "still fired" until Crossken spoke to his Regional Manager. Crossken did not allow Plaintiff to work on 6/4/02.

4

31. Later that day, Plaintiff was called by the union steward and was told to report to work on 6/5/02.

32. On or about 6/7/02, Plaintiff was released to full duty work by his doctor. Plaintiff worked at his regular job from approximately 6/7/02 to 10/14/02.

33. On 7/10/02, Plaintiff filed a harassment complaint with the Union against Crossken with regard to Plaintiff's discharge and Crossken's ongoing discrimination and retaliation against him.

34. Plaintiff's harassment complaint detailed Crossken's actions in terminating Plaintiff, including refusing to allow Plaintiff to return to work on 6/5/02 as agreed, interfering with Plaintiff's receipt of proper pay and/or worker's compensation benefits for time lost due to his discharge and telling Plaintiff on 7/3/02 to remove a shirt that had Airborne's logo because it was not a shirt issued by the company.

35. During the period from 6/7/02 to 10/14/02, Crossken continued to harass Plaintiff and to make Plaintiff's daily workday difficult.

36. Crossken resumed issuing disciplinary actions to Plaintiff. On 8/8/02, Plaintiff received a written warning for insubordination. On 9/26/02, Plaintiff received two suspension notices for insubordination.

37. Crossken engaged in other disparate treatment of Plaintiff with regard to certain work assignments and by imposing excessive audit scans and check rides.

38. These disciplinary actions and harassment were discriminatory and/or retaliatory and were done because of Plaintiff's work injury, his pursuit of worker's compensation benefits for that injury and/or his protesting and opposing this discrimination.

39. The discrimination and retaliation adversely affected Plaintiff's physical and emotional health. On 10/14/03, Plaintiff's doctor took him out of work. The diagnoses were insomnia, sleep apnea, acid reflux, tremor, poor concentration and anxiety.

40. Plaintiff was out of work from 10/14/02 to 2/24/03 for these conditions.

41. Plaintiff filed for worker's compensation benefits for this period of disability. The claim was denied by Airborne. Litigation concerning this claim is still pending before the Massachusetts Department of Industrial Accidents.

42. Plaintiff did receive short-term disability benefits through the Union benefit plan and FMLA leave for this period of disability.

43. When Plaintiff returned to work on or about 2/24/03, Crossken continued to harass him and tried to make Plaintiff's daily workday as difficult as possible. However, Plaintiff tried to avoid interaction with him as much as possible.

44. In or about March 2003, Crossken was transferred to another Airborne facility. Defendant Hamilton replaced Crossken as District Field Services Manager at Plaintiff's workplace.

45. Hamilton had a long discussion with Plaintiff. Hamilton told Plaintiff that Crossken had left him information that Plaintiff was a troublesome employee. Plaintiff did his best to explain his side of things to Hamilton.

46. While things went well for Plaintiff for several months, Plaintiff began to notice that packages were disappearing from his truck.

47. Plaintiff spoke to Hamilton about the missing packages. Hamilton told Plaintiff that he was imagining that packages were missing. However, Plaintiff told Hamilton that it was showing on the computer that packages were missing.

6

48. On 7/16/03, Defendants Hamilton and Leveris called Plaintiff into the office. Hamilton told Plaintiff that he was suffering from paranoia and that he was making threatening gestures and looks to supervisors.

49. Hamilton sent Plaintiff to a lab for drug and alcohol testing.

50. The collective bargaining agreement between Airborne and the Union permitted drug and alcohol testing of employees under certain specific circumstances. However, these specific circumstances were not present when Hamilton sent Plaintiff for the tests.

51. Sending Plaintiff for drug and alcohol testing under the circumstances represented an unreasonable interference with Plaintiff's privacy.

52. The results of the drug and alcohol testing were negative. Plaintiff subsequently was permitted to return to work.

53. During the period from 7/21/03 to 7/25/03, Plaintiff again noticed that packages were missing from his truck. Airborne's computer appeared to support Plaintiff's belief. Plaintiff discussed this with Hamilton.

54. On 7/25/03, Plaintiff was running late for work. As other employees have done, Plaintiff drove to the overhead door of the building, went inside to punched in, then went back to his car, parked it and walked back to the building.

55. About an hour later, Plaintiff was called into the office. Defendants Hamilton and Leveris were there as well as Acting Steward Gerry Halloran. Hamilton said that Plaintiff had engaged in threatening behavior and intimidating looks. Hamilton also said that Plaintiff had driven into the facility at a high rate of speed that day and that Defendant Sweatt said that he thought that Plaintiff was going to hit him. Hamilton also said that Plaintiff had "peeled in reverse" when he backed out. Hamilton stated that this was intimidating behavior and that

Plaintiff was terminated. Plaintiff was given a letter concerning his termination that had already been prepared.

56. Plaintiff obtained his personnel records following his termination. Included in the personnel records was an email from Hamilton dated 7/25/03 concerning Plaintiff's termination.

57. In this email, Hamilton stated that Airborne had an ongoing issue with Plaintiff's threatening behavior and paranoia and that Plaintiff's behavior had escalated to the point where Hamilton felt that Plaintiff was a safety risk. Hamilton stated that in a long discussion with union representatives about Plaintiff on 7/23/03, they all came to the conclusion that "something was not right" with Plaintiff.

58. This email further stated that they planned to have a private conversation with Plaintiff and offer the union's disability resources to Plaintiff as help. Depending on how that conversation went, Hamilton stated that he was prepared to issue Plaintiff a final written warning. Instead, Hamilton decided to terminate Plaintiff on 7/25/03 based on the allegations of Defendant Sweatt and Leveris that Plaintiff had recklessly driven his car that day.

59. The stated reason for Plaintiff's termination is untrue and a pretext for unlawful discrimination.

60. Airborne, through Crossken and Hamilton, engaged in a continuing course of discriminatory conduct against Plaintiff that ultimately led to his termination on 7/25/03.

61. Hamilton terminated Plaintiff based on a perceived mental disability.

62. Airborne discriminated against Plaintiff and ultimately terminated his employment on 7/25/03 because of Plaintiff's work-related injury and resulting disability and because of Plaintiff's opposition to its discriminatory practices.

63. Plaintiff is deemed a qualified handicapped person pursuant to M.G.L. c. 152, §75B since he had sustained a work-related injury and was able to perform the essential functions of a particular job with or without accommodation. Plaintiff held that protected status when he was terminated.

64. Plaintiff is a qualified handicapped person and/or a qualified individual with a disability within the meaning of M.G.L. c. 151B and the ADA.

65. Upon information and belief, Plaintiff was replaced by a non-handicapped and non-disabled person.

66. Plaintiff was at all relevant times qualified to perform the essential functions of his job with or without reasonable accommodation.

67. Defendants discriminated against Plaintiff because of his disability, his record of a disability and/or his perceived disability.

68. Defendants retaliated against Plaintiff because Plaintiff engaged in the protected activities of opposing discriminatory practices.

69. Defendants' acts were intentional, malicious and/or done with reckless indifference to Plaintiff's rights.

70. Plaintiff has been injured and damages by Defendants' acts.

71. Defendants' acts were intentional, malicious and/or done with reckless indifference to Plaintiff's rights.

72. Airborne at all relevant times employed more than 15 persons.

73. Plaintiff has complied with all statutory requirements and conditions precedent necessary to maintain this action, namely the timely filing of a charge of discrimination with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission.

74. On 9/1/04, the EEOC issued Plaintiff a notice of right to sue.

### COUNT I
### (Violation of the Americans With Disabilities Act)
(Against Airborne only)

75. Plaintiff repeats the allegations contained in paragraphs 1 through 74 as if fully set forth.

76. Plaintiff at all relevant times was a qualified individual with a disability within the meaning of 42 U.S.C. 12111 §101(8).

77. Defendant Airborne's acts represent, inter alia, intentional violations of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12111, et seq.

### COUNT II - Retaliation
### (Violation of the Americans With Disabilities Act)
(Against all Defendants)

78. Plaintiff repeats the allegations contained in paragraphs 1 through 77 as if fully set forth.

79. Defendants discriminated against Plaintiff because he opposed acts or practices made unlawful by the ADA.

80. Defendants coerced, intimidated, threatened, or interfered with Plaintiff in the exercise or enjoyment of, or on account of his having exercised or enjoyed rights granted or protected by the ADA.

81. Defendants' conduct represents, inter alia, retaliation in violation of 42 U.S.C. § 12203.

## COUNT III
### (Violation of M.G.L. c. 151B – Handicap Discrimination)
(Against all Defendants)

82. Plaintiff repeats the allegations contained in paragraphs 1 through 81 as if fully set forth.

83. Defendants' conduct represents, inter alia, intentional discrimination on the basis of handicap in violation of M.G.L. c. 151B, s. 4(16).

84. Defendants Crossken, Hamilton, Sweatt and Leveris aided and abetted Airborne in such discrimination and unlawfully interfered with Plaintiff's rights in violation of M.G.L. c. 151B, s. 4(4A) and 4(5).

## COUNT IV - Retaliation
### (Violation of M.G.L. c. 151B)
(Against all Defendants)

85. Plaintiff repeats the allegations contained in paragraphs 1 through 84 as if fully set forth.

86. Defendants' conduct represents, inter alia, retaliation in violation of M.G.L. c. 151B, s. 4(4) and 4(4A).

87. Defendants Crossken, Hamilton, Sweatt and Leveris aided and abetted Airborne in such discrimination and unlawfully interfered with Plaintiff's rights in violation of M.G.L. c. 151B, s. 4(4A) and 4(5).

## COUNT V
### (Violation of M.G.L. c. 152, s. 75B)
(Against Airborne only)

88. Plaintiff repeats the allegations contained in paragraphs 1 through 87 as if fully set forth.

89. Airborne terminated and otherwise discriminated against Plaintiff because of his assertion of rights under the Massachusetts workers' compensation laws.

90. Airborne's acts represent, inter alia, violations of M.G.L. c. 152, s. 75B.

## COUNT VI
### (Intentional Infliction Of Emotional Distress)
(Against Defendants Crossken, Hamilton, Sweatt and Leveris only)

91.  Plaintiff repeats the allegations contained in paragraphs 1 through 90 as if fully set forth.

92.  Defendants Crossken, Hamilton, Sweatt and Leveris intended to inflict emotional distress upon Plaintiff or he knew or should have known that emotional distress was the likely result of his conduct.

93.  The conduct of these Defendants was extreme and outrageous and beyond all possible bounds of decency and utterly intolerable in a civilized community.

94.  The actions of these Defendants caused severe emotional distress.

95.  Plaintiff's emotional distress was severe and of a nature that no reasonable person could be expected to endure it.

## COUNT VII
### (Intentional Interference with Advantageous or Contractual Relations)
(Against Defendants Crossken, Hamilton, Sweatt and Leveris only)

96.  Plaintiffs repeat the allegations contained in paragraphs 1 through 95 as if fully set forth.

97.  Plaintiffs had advantageous and/or contractual relations an/or an employment contract with Airborne with a reasonable expectation of continued employment and advancement.

98.  Defendants Crossken, Hamilton, Sweatt and Leveris knowingly induced Airborne to terminate Plaintiff's employment.

99.  Defendants Crossken, Hamilton, Sweatt and Leveris knowingly interfered with Plaintiff's advantageous and/or contractual relations with Airborne.

100.  The interference of these Defendants was intentional and was improper in motive or means.

101. Plaintiff was harmed by the actions of these Defendants.

## COUNT VIII
### (Invasion of Privacy)
(Against Defendants Airborne and Hamilton only)

102. Plaintiffs repeat the allegations contained in paragraphs 1 through 101 as if fully set forth.

103. Plaintiff had a right against unreasonable, substantial or serious interference with his privacy pursuant to M.G.L.c. 214, § 1B.

104. Defendants Airborne and Hamilton infringed upon Plaintiff's right to privacy by requiring him to submit to a drug and alcohol test without sufficient cause.

105. Plaintiff was damaged by the invasion of his privacy.

## RELIEF SOUGHT

WHEREFORE, the Plaintiff prays that this Honorable Court:

A. Enter judgment against Defendant Airborne on Count I for compensatory damages, punitive damages, reasonable attorneys' fees, interest and costs.

B. Enter judgment against each of the Defendants on Count II for compensatory damages, punitive damages, reasonable attorneys' fees, interest and costs.

C. Enter judgment against each of the Defendants on Count III for compensatory damages, punitive damages, reasonable attorneys' fees, interest and costs.

D. Enter judgment against each of the Defendants on Count IV for compensatory damages, punitive damages, reasonable attorneys' fees, interest and costs.

E. Enter judgment against Defendant Airborne on Count V for compensatory damages, reasonable attorneys' fees, interest and costs.

F.  Enter judgment against Defendants Crossken, Hamilton, Sweatt and Leveris on Count VI for compensatory damages, interest and costs.

G.  Enter judgment against Defendants Crossken, Hamilton, Sweatt and Leveris on Count VII for compensatory damages, interest and costs.

H.  Enter judgment against each of the Defendants on Count VIII for compensatory damages, interest and costs.

I.  Order Defendant Airborne to reinstate Plaintiff with back pay.

J.  Enter such other and further relief as this Honorable Court may deem just and proper.

**PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL COUNTS.**

PAUL PIZZUTO,

By his Attorney,

_____
Richard A. Mulhearn
BBO: 359680
Law Offices of Richard A. Mulhearn
41 Elm Street
Worcester, MA 01609
Tel: (508) 753-9999

November 24, 2004.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Paul Pizzuto v.__
   __Airborne Express, Inc.__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.  160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   ___ V.  150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES       (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES       (NO)
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES       NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES       (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   YES       (NO)

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      EASTERN DIVISION         CENTRAL DIVISION         WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      (EASTERN DIVISION)       CENTRAL DIVISION         WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Richard A. Mulhearn__
ADDRESS __41 Elm St., Worcester, MA 01609__
TELEPHONE NO. __508-753-9999__

(Cover sheet local.wpd - 11/27/00)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Paul Pizzuto

**DEFENDANTS**

Airborne Express, Inc., Steven Crossken, Joseph Hamilton, Greg Sweatt and Arthur Leveris

(b) County of Residence of First Listed Plaintiff  Essex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Richard A. Mulhearn
Law Office of Richard A. Mulhearn, 41 Elm St.,
Worcester, MA 01609  508-753-9999

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | PERSONAL PROPERTY | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | **LABOR** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Disability discrimination in employment; ADA, 42 U.S.C. s.12111

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   CHECK YES only if demanded in complaint:   JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE 11/24/04   SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____