UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL PIZZUTO,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>AIRBORNE EXPRESS, INC., STEVEN CROSSKEN, JOSEPH HAMILTON, GREG SWEATT, AND ARTHUR LEVERIS,<br><br>　　　　　　　　Defendants. | Civil Action No. 04-12492 GAO |

**DEFENDANTS' MOTION TO DISMISS:**
1) **COUNTS V, VI, VII, VIII AGAINST ALL DEFENDANTS, AND**
2) **ALL CLAIMS AGAINST DEFENDANTS GREG SWEATT AND ARTHUR LEVERIS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the defendants, Airborne Express, Inc. ("Airborne"), Joseph Hamilton, Steven Crossken, Greg Sweatt and Arthur Leveris hereby Move to Dismiss Counts V, VI, VII, VIII against all defendants and all Counts against defendants Sweatt and Leveris.

As grounds for this Motion, the defendants submit the accompanying Memorandum of Law which is incorporated herein, and state as follows: the plaintiff, Paul Pizzuto, alleges in his Complaint that the defendants, his former employer and supervisors, discriminated and retaliated against him on the basis of an alleged handicap, and committed various other torts relating to his employment and termination. While the defendants deny Pizzuto's claims and fully expect that all of such claims will eventually

fail, there are certain claims in the Complaint that are presently unsustainable as a matter of law.

First, Count VI alleges intentional infliction of emotional distress by the individual defendants relating to the plaintiff's employment. Such a claim, however, is preempted by the Workers' Compensation Act, and must be dismissed as a matter of law.

Second, Counts V, VII and VIII are dependent upon the meaning of a collective bargaining agreement, and therefore, are preempted by Section 301 of the Labor Management Relations Act, and likewise, must be dismissed.

Third, the Complaint is devoid of any allegations that support any cause of action against defendants Sweatt and Leveris.

For the reasons stated herein and in the accompanying Memorandum of Law, the defendants respectfully request that this Court dismiss Counts V, VI, VII, and VIII, and dismiss all claims against defendants Sweatt and Leveris.

                                      AIRBORNE EXPRESS, INC., ET AL.,
                                      By their attorneys,


                                      /s/ C. Max Perlman_____
                                      C. Max Perlman (BBO # 630395)
                                      Jennifer Catlin Tucker (BBO #547944)
                                      SULLIVAN WEINSTEIN & MCQUAY, P.C.
                                      Two Park Plaza
                                      Boston, MA  02116-3902
                                      (617) 348-4300
                                      max@resq.com; jtucker@swmlawyers.com

Dated:        February 28, 2005

### CERTIFICATE OF SERVICE

I, C. Max Perlman, hereby certify that I served the above document upon counsel for the plaintiff by e-mail and mail this 28th day of February, 2005.

                                      /s/ C. Max Perlman_____
                                      C. Max Perlman