UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL PIZZUTO,<br><br>                         Plaintiff,<br><br>vs.<br><br>AIRBORNE EXPRESS, INC., STEVEN CROSSKEN, JOSEPH HAMILTON, GREG SWEATT, AND ARTHUR LEVERIS,<br><br>                         Defendants. | Civil Action No. 04-12492 GAO |

## **ANSWER**

Pursuant to Rules 7, 8, 10 and 12 of the Federal Rules of Civil Procedure, the defendants, Airborne Express, Inc., Steven Crossken, and Joseph Hamilton,[1] answer the allegations in the Complaint as follows:

1. Defendants state that the allegations contained in Paragraph 1 of the Complaint call for a legal conclusion, to which no response is required.

2. Defendants state that the allegations contained in Paragraph 2 of the Complaint call for a legal conclusion, to which no response is required.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint.

---

[1] Defendants Greg Sweatt and Arthur Leveris have moved to dismiss all claims against them, and therefore, do not join in this Answer. Defendants Airborne, Crossken, and Hamilton have moved to dismiss four of the eight claims against them, and Answer the Complaint only with regard to the claims not subject to their Motion to Dismiss.

4. Defendants deny the allegations contained in Paragraph 4 of the Complaint and further state that in August 2003, Deutsche Post, the owner of DHL Holdings (USA), Inc. and its subsidiaries, purchased Airborne Express, Inc. and its parent corporations and subsidiaries." Airborne Express, Inc. has now completely merged with DHL and no longer exists as a separate operation nor as a legal entity.

5. Denied.

6. Admitted.

7. Denied.

8. Admitted.

9. Defendants admit that Airborne hired Pizzuto as a driver at its facility in Stoneham, Massachusetts ("NSH"), that Pizzuto worked part-time from approximately March 2, 1990 to January 27, 1992, that Pizzuto became a full time employee on or about January 27, 1992, and that Airborne terminated Pizzuto's employment on or about July 25, 2003. Defendants deny the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendants admit that Crossken became District Field Services Manager ("DSFM") at NSH on or about January 14, 2002, and so became Complainant's supervisor. Crossken remained there until on or about March 10, 2003, when Airborne transferred him, at his request, to a DSFM position in New Jersey. Defendants deny the remaining allegations contained in Paragraph 10.

11. Defendants admit that Hamilton was DSFM at NSH from on or about March 11, 2004 to present. Defendants deny the remaining allegations contained in Paragraph 11.

12. Defendants admit that Sweatt was a Field Services Supervisor at NSH from on or about February 17, 2003 to October 1, 2004 . Defendants deny the remaining allegations contained in Paragraph 12.

13. Defendants admit that Leveris was a Field Services Supervisor at NSH from on or about June 17, 2002 to May 12, 2003, when he was promoted to the position of Cartage Manager Defendants deny the remaining allegations contained in Paragraph 13.

14. Denied.

15. Defendants admit that Pizzuto reported that he had sustained a work-related injury to his right calf on or about March 13, 2002.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations the first sentence of Paragraph 15 of the Complaint.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.

18. Defendants admit that Pizzuto claimed to have been injured, was out of work from on or about April 15, 2002 to on or about April 22, 2002, and that he received worker's compensation disability benefits for that period.  Defendants are without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 of the Complaint.

19.     Defendants admit that Airborne was self-insured in for workers' compensation purposes in Massachusetts and bore the financial responsibility for benefits paid.  Defendants admit that Airborne had a role in deciding whether benefits are paid.  Defendants deny the remaining allegations contained in Paragraph 19 of the Complaint.

20.     Defendants admit that Airborne's driver and clerical functions at the facility at which Pizzuto worked were and continue to be "union shops" and employees in those job functions are members of Local 25 of the International Brotherhood of Teamsters Union (the "Union").  Defendants deny the remaining allegations contained in Paragraph 20.

21.     Defendants admit that Pizzuto received multiple written warnings.  Defendants further state that said documents speak for themselves, and Defendants deny any allegations which exceed or mischaracterize the contents of those documents.  Defendants deny the remaining allegations contained in Paragraph 21 of the Complaint.

22.     Denied.

23.     Defendants admit that on or about April 22, 2002, Plaintiff returned to work with restrictions under Airborne's light duty program, which it calls the "Early Return to Work Program," and denies the remaining allegations contained in Paragraph 23 of the Complaint.

24.     Defendants admit that on or about May 24, 2002, Pizzuto was terminated by Airborne for insubordination relating to his sleeping on the job.  Defendants deny the remainder of the allegations contained in Paragraph 24.

25.	Defendants admit that Pizzuto was terminated by Airborne for insubordination relating to his sleeping on the job. Defendants deny the remainder of the allegations contained in Paragraph 25.

26.	Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint.

27.	Denied.

28.	Denied.

29.	Admitted.

30.	Defendants admit that on or about June 4, 2002, Pizzuto reported to work, and that he was not permitted to work because Crossken had not been informed of the decision to reinstate Pizzuto. Defendants deny the remaining allegations contained in Paragraph 30 of the Complaint.

31.	Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint.

32.	Defendants admit that Pizzuto worked at Airborne from on or about June 7, 2002 to October 2002. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint

33.	Defendants admit that Pizzuto filed a complaint with his union on or about July 10, 2002. Defendants further state that said document speaks for itself, and Defendants deny any allegations which exceed or mischaracterize the contents of this document. Defendants deny the remaining allegations contained in Paragraph 33 of the Complaint.

34.     Defendants admit that Pizzuto filed a complaint with his union on or about July 10, 2002. Defendants further state that said document speaks for itself, and Defendants deny any allegations which exceed or mischaracterize the contents of this document. Defendants deny the remaining allegations contained in Paragraph 34 of the Complaint.

35.     Denied.

36.     Defendants admit that Airborne issued written warnings/suspension notices to Pizzuto on or about August 8, 2002 and September 26, 2002. Defendants further state that said documents speak for themselves, and Defendants deny any allegations which exceed or mischaracterize the contents of those documents. Defendants deny the remaining allegations contained in Paragraph 36 of the Complaint.

37.     Denied.

38.     Denied.

39.     Defendants deny the allegations contained in the first sentence of Paragraph 39 of the Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 of the Complaint.

40.     Defendants admit that Pizzuto was out of work from on or about October 5, 2002 to on or about February 24, 2003. Defendants deny the remaining allegations contained in Paragraph 40 of the Complaint.

41.     Defendants admit that Pizzuto filed for workers compensation benefits, that the law precluded the coverage sought by Pizzuto, and that an action is pending

concerning this matter. Defendants deny the remaining allegations contained in Paragraph 41 of the Complaint.

42. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint.

43. Denied.

44. Admitted.

45. Defendants admit that Hamilton and Pizzuto had a conversation at or about the time that Hamilton became DSM at NSH. Defendants deny the remaining allegations contained in Paragraph 45 of the Complaint.

46. Denied.

47. Defendants admit that Pizzuto claimed to Hamilton that packages were missing from his truck and that Pizzuto was informed that nothing checked out as being missing. Defendants deny the remaining allegations contained in Paragraph 47 of the Complaint.

48. Defendants admit that on or about July 16, 2003, Hamilton and Leveris met with Pizzuto, and that Hamilton read Pizzuto Airborne's drug and alcohol observation statement and told him that Airborne was having him drug and alcohol tested. Defendants deny the remaining allegations contained in Paragraph 48 of the Complaint.

49. Admitted.

50. Defendants admit that there is a collective bargaining agreement at issue in this case. Defendants further state that said document speaks for itself, and Defendants

deny any allegations which exceed or mischaracterize the contents of this document. Defendants deny the remaining allegations contained in Paragraph 50 of the Complaint.

51. Denied.

52. Admitted.

53. Defendants admit that on or about July 21, 2003 to on or about July 25, 2003, Hamilton and Pizzuto discussed Pizzuto's claims that packages were missing from his truck. Defendants deny the remaining allegations contained in Paragraph 53 of the Complaint.

54. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 54 of the Complaint. With respect to the allegations contained in the second sentence of Paragraph 54, Defendants admit that Pizzuto entered the dock with his car, which is not permitted, but deny all other characterizations contained therein.

55. Admitted.

56. Defendants admit that it sent to Pizzuto or his representative personnel documents and that such documents may have included an e-mail dated July 25, 2003 from Hamilton. Defendants further state that said document speaks for itself, and Defendants deny any allegations which exceed or mischaracterize the contents of this document. Defendants deny the remaining allegations contained in Paragraph 57 of the Complaint.

57. Defendants admit that there is an e-mail dated July 25, 2003 from Hamilton. Defendants further state that said document speaks for itself, and Defendants

8

deny any allegations which exceed or mischaracterize the contents of this document. Defendants deny the remaining allegations contained in Paragraph 57 of the Complaint.

      58.    Defendants admit that there is an e-mail dated July 25, 2003 from Hamilton. Defendants further state that said document speaks for itself, and Defendants deny any allegations which exceed or mischaracterize the contents of this document. Defendants deny the remaining allegations contained in Paragraph 58 of the Complaint.

      59.    Denied.

      60.    Denied.

      61.    Denied.

      62.    Denied.

      63.    Denied.

      64.    Denied.

      65.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint.

      66.    Denied.

      67.    Denied.

      68.    Denied.

      69.    Denied.

      70.    Denied.

      71.    Denied.

      72.    Admitted.

      73.    Denied.

74. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint.

75. Defendants reallege and incorporate by reference paragraphs 1 through 74 as if fully restated herein.

76. Denied.

77. Denied

78. Defendants reallege and incorporate by reference paragraphs 1 through 77 as if fully restated herein.

79. Denied.

80. Denied.

81. Denied.

82. Defendants reallege and incorporate by reference paragraphs 1 through 81 as if fully restated herein.

83. Denied.

84. Denied.

85. Defendants reallege and incorporate by reference paragraphs 1 through 84 as if fully restated herein.

86. Denied.

87. Denied.

88. The allegations contained in Paragraph 88 are the subject of a pending Motion to Dismiss, and therefore, no response to these allegations is required.

89. The allegations contained in Paragraph 89 are the subject of a pending Motion to Dismiss, and therefore, no response to these allegations is required.

90. The allegations contained in Paragraph 90 are the subject of a pending Motion to Dismiss, and therefore, no response to these allegations is required.

91. The allegations contained in Paragraph 91 are the subject of a pending Motion to Dismiss, and therefore, no response to these allegations is required.

92. The allegations contained in Paragraph 92 are the subject of a pending Motion to Dismiss, and therefore, no response to these allegations is required.

93. The allegations contained in Paragraph 93 are the subject of a pending Motion to Dismiss, and therefore, no response to these allegations is required.

94. The allegations contained in Paragraph 94 are the subject of a pending Motion to Dismiss, and therefore, no response to these allegations is required.

95. The allegations contained in Paragraph 95 are the subject of a pending Motion to Dismiss, and therefore, no response to these allegations is required.

96. The allegations contained in Paragraph 96 are the subject of a pending Motion to Dismiss, and therefore, no response to these allegations is required.

97. The allegations contained in Paragraph 97 are the subject of a pending Motion to Dismiss, and therefore, no response to these allegations is required.

98. The allegations contained in Paragraph 98 are the subject of a pending Motion to Dismiss, and therefore, no response to these allegations is required.

99. The allegations contained in Paragraph 99 are the subject of a pending Motion to Dismiss, and therefore, no response to these allegations is required.

100. The allegations contained in Paragraph 100 are the subject of a pending Motion to Dismiss, and therefore, no response to these allegations is required.

101. The allegations contained in Paragraph 101 are the subject of a pending Motion to Dismiss, and therefore, no response to these allegations is required.

102. The allegations contained in Paragraph 102 are the subject of a pending Motion to Dismiss, and therefore, no response to these allegations is required.

103. The allegations contained in Paragraph 103 are the subject of a pending Motion to Dismiss, and therefore, no response to these allegations is required.

104. The allegations contained in Paragraph 104 are the subject of a pending Motion to Dismiss, and therefore, no response to these allegations is required.

105. The allegations contained in Paragraph 105 are the subject of a pending Motion to Dismiss, and therefore, no response to these allegations is required.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Federal law preempts plaintiff's claims.

## FOURTH AFFIRMATIVE DEFENSE

The Section 301 of the Federal Labor Management Relations Act collective bargaining agreement preempts plaintiff's claims

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because they depend upon an interpretation of or are inconsistent with the terms of a collective bargaining agreement.

## SIXTH AFFIRMATIVE DEFENSE

Workers' compensation law preempts plaintiff's claims.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the principles of res judicata.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the principles of collateral estoppel.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because plaintiff has failed to exhaust his administrative remedies and/or his grievance procedures.

### TENTH AFFIRMATIVE DEFENSE

The defendants are privileged to act in the manner complained of.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has misnamed a defendant and/or has failed to sue the correct party.

**THE ANSWERING DEFENDANTS REQUEST A TRIAL BY JURY ON ALL COUNTS SO TRIABLE**

AIRBORNE EXPRESS, INC., STEVEN CROSSKEN and JOSHEPH HAMILTON.,
By their attorneys,

/s/ C. Max Perlman_____
C. Max Perlman (BBO # 630395)
Jennifer Catlin Tucker (BBO #547944)
SULLIVAN WEINSTEIN & MCQUAY, P.C.
Two Park Plaza
Boston, MA  02116-3902
(617) 348-4300
max@resq.com; jtucker@swmlawyers.com

Dated:       February 28, 2005

### CERTIFICATE OF SERVICE

I, C. Max Perlman, hereby certify that I served the above document upon counsel for the plaintiff by e-mail and mail this 28th day of February, 2005.

/s/ C. Max Perlman_____
C. Max Perlman

13