UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL PIZZUTO,        )<br>    Plaintiff,        )<br>            )<br>v.            )<br>            )<br>AIRBORNE EXPRESS, INC., STEVEN  )<br>CROSSKEN, JOSEPH HAMILTON,   )<br>GREG SWEATT AND ARTHUR    )<br>LEVERIS,         )<br>    Defendants.       ) | DOCKET NO.  04-12492 GAO |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

By their motion, Defendants seek the dismissal of a number of Counts of the Complaint as to one or all of them.  The following is a summary of the relief sought.

A.     **Count V** (violation of M.G.L. c. 152, § 75B); **Count VII** (intentional interference with advantageous or contractual relations); and **Count VIII** (invasion of privacy).   Defendants seek dismissal of these counts on the ground that the claims are preempted by Section 301 of the LMRA") because they are allegedly dependent upon the meaning of a collective bargaining agreement.

Plaintiff does not contest the dismissal of Counts V, VII and VIII based on the authorities set forth in Defendants' motion.

B.     **Count VI** (intentional infliction of emotional distress). The individual defendants seek dismissal on the ground that the claim is preempted by the Workers' Compensation Act.

Plaintiff does not contest the dismissal of Count VI based on the authorities set forth in Defendants' motion.

1

C.  **Count II** (Retaliation); **Count III** (handicap discrimination under M.G.L. c. 151B); **Count IV** (Retaliation); **Count VI** (intentional infliction of emotional distress); and **Count VII** (intentional interference with advantageous or contractual relations)**.**  Defendants Sweatt and Leveris seek dismissal of these counts against them on the ground that insufficient facts have been alleged to support these causes of action against them.

Plaintiff does not contest the dismissal of Count VI (intentional infliction of emotional distress) and Count VII (intentional interference with advantageous or contractual relations) as to Defendants Sweatt and Leveris for the reasons previously stated.  However, Plaintiff opposes the dismissal of Count II (Retaliation); Count III (handicap discrimination under M.G.L. c. 151B); and Count IV (Retaliation) as to Defendants Sweatt and Leveris.

## I.  PLAINTIFF HAS STATED A CLAIM AGAINST DEFENDANTS SWEATT AND LEVERIS IN COUNT II, COUNT III AND COUNT IV

### A.  Plaintiff Has Stated a Claim in Count III Against Sweatt and Leveris for Handicap Discrimination under M.G.L. c. 151B

In Count III, Plaintiff alleges that Defendants Sweatt and Leveris aided and abetted Airborne in handicap discrimination and unlawfully interfered with Plaintiff's rights in violation of M.G.L. c. 151B, s. 4(4A) and 4(5).  Defendants argue that the complaint is defective for failure to allege with respect to Sweatt and Leveris "the requisite intent to discriminate" or that they interfered with Plaintiff's rights in a manner that was "in deliberate disregard of those rights."  However, the complaint clearly makes the required allegations.

Plaintiff alleges that Defendants' (which includes Sweatt and Leveris) conduct represents intentional discrimination on the basis of handicap. Complaint, para. 83. Plaintiff also alleges that these Defendants aided and abetted Airborne in such

2

discrimination and unlawfully interfered with Plaintiff's rights. Complaint, para. 84. Plaintiff also alleges that (a) Defendants discriminated against Plaintiff because of his disability, his record of a disability and/or his perceived disability. Complaint, para. 67; (b) Defendants retaliated against Plaintiff because Plaintiff engaged in the protected activities of opposing discriminatory practices. Complaint, para. 68; and (c) Defendants' acts were intentional, malicious and/or done with reckless indifference to Plaintiff's rights. Plaintiff has adequately pleaded the requisite intent.

Defendants also argue that the complaint is deficient for failure to make any specific factual assertions against Defendants Sweatt and Leveris that they either discriminated against Plaintiff or that they aided or abetted any such conduct by others. This is untrue. Plaintiff specifically alleges that Defendant Hamilton stated that he decided to terminate Plaintiff on 7/25/03 based on the allegations of Defendants Sweatt and Leveris that Plaintiff had recklessly driven his car that day. Complaint, para. 58. Plaintiff further alleges that this stated reason for Plaintiff's termination was untrue and a pretext for unlawful discrimination. Complaint, para. 59. The gravamen of the specified conduct is that Defendants Sweatt and Leveris **falsely** alleged that Plaintiff had recklessly driven his car and that these false allegations resulted in Plaintiff's termination. As such, Plaintiff alleges that they aided or abetted the discriminatory conduct of Crossken and Hamilton. These allegations are sufficient to withstand Defendants' motion to dismiss.[1]

---

[1] Moreover, discovery may reveal further discriminatory conduct of Sweatt and Leveris, currently unknown to Plaintiff, which would result in liability.

### B.  Plaintiff Has Stated a Claim In Counts II and IV Against Sweatt and Leveris for Retaliation under the ADA and M.G.L. c. 151B

Defendants argue that Plaintiff has failed to allege any adverse employment action caused by the conduct of Sweatt or Leveris and that this is fatal to his retaliation claims against them.  Defendant's argument is without merit.

As stated above, Plaintiff alleges that Defendant Hamilton stated that he decided to terminate Plaintiff on 7/25/03 based on the allegations of Defendants Sweatt and Leveris that Plaintiff had recklessly driven his car that day.  Complaint, para. 58.  Plaintiff further alleges that this stated reason for Plaintiff's termination was untrue and a pretext for unlawful discrimination. Complaint, para. 59. The gravamen of the specified conduct is that Defendants Sweatt and Leveris **falsely** alleged that Plaintiff had recklessly driven his car and that these false allegations resulted in Plaintiff's termination.  Certainly, termination from employment is an adverse employment action.  To the extent that these Defendants caused Plaintiff's termination with these false allegations, and assuming the requisite intent (which has been pleaded), Plaintiff has stated an actionable claim of retaliation against Defendants Sweatt and Leveris.

**CONCLUSION**

For the above reasons, Plaintiff respectfully requests the Court to deny Defendants' motion to dismiss Counts II, III and IV against Defendants Sweatt and Leveris.

                PAUL PIZZUTO,

                By his Attorney,

                / s / Richard A. Mulhearn
                Richard A. Mulhearn
                BBO: 359680
                Law Office of Richard A. Mulhearn, P.C.
                41 Elm Street
                Worcester, MA 01609
                Tel: (508) 753-9999

March 28, 2005.