UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **PAUL PIZZUTO**,<br><br>       Plaintiff,<br><br>vs.<br><br>**AIRBORNE EXPRESS, INC., STEVEN CROSSKEN, JOSEPH HAMILTON, GREG SWEATT, AND ARTHUR LEVERIS,**<br><br>       Defendants. | Civil Action No. 04-12492 GAO |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, the defendants, Airborne Express, Inc., Joseph Hamilton, Steven Crossken, Arthur Leveris and Gregory Sweatt, hereby move for summary judgment in their favor. This case arises out of Defendant Airborne Express's termination of Plaintiff Paul Pizzuto's employment. Plaintiff claims that his termination constitutes disability/handicap discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA") and Mass. Gen. L 151B. (*See* Complaint at Counts I through IV.)[1]

As grounds for its motion, the Defendants state the pleadings, depositions, answers to interrogatories, admissions, and affidavits in this case show that there is no genuine issue as to any material fact and the Defendants are entitled to judgment as a matter of law. More specifically:

---

[1] Originally, the Plaintiff made claims for workers' compensation retaliation, intentional infliction of emotional distress, intentional interference with contractual relations, and invasion of privacy. (*See* Complaint at Counts V through VIII.) Pursuant to Fed. R. Civ. P. 12(b)(6), the Court dismissed all of these claims.

1.	The Defendants have articulated a legitimate, non-discriminatory reason for terminating the Plaintiff – numerous reports of threatening statements and behavior by the Plaintiff – and the Plaintiff cannot meet his burden to set forth facts to demonstrate that this reason was pretextual or that the real reason for the termination was discriminatory.

2.	The Plaintiff cannot set forth any facts to support a claim for retaliation under federal or Massachusetts law.

3.	There is no basis in law or fact to impose liability on the individual Defendants under federal or Massachusetts law.

This Motion is based on Defendants' Concise Statement of Undisputed Facts, the Affidavit of Joseph Hamilton, the Affidavit of C. Max Perlman, and the Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment, all of which are filed herewith and incorporated herein.

For these reasons, and as set forth more fully set forth in the accompanying Memorandum of Law, the Defendants respectfully request that the Court enter an order granting summary judgment in the Defendants' favor on the Plaintiff's claims for Violation of the ADA (Count I), Retaliation in Violation of the ADA (Count II), Handicap Discrimination in Violation of ch. 151B (Count III), and Retaliation in Violation of ch. 151B (Count IV).

## **REQUEST FOR HEARING**

The Defendants request a hearing on this motion.

## LOCAL RULE 7.1(a)(2) CERTIFICATION

The undersigned counsel for the Defendant certifies that he has conferred with the Plaintiff's counsel, Richard A. Mulhearn, in a good faith attempt to narrow or resolve the issues presented by this motion, without success.

/s/ C. Max Perlman
C. Max Perlman

Airborne Express, Inc., Steven Crossken, Joseph Hamilton, Greg Sweatt, Arthur Leveris,

By their attorneys,

/s/ C. Max Perlman
C. Max Perlman (BBO# 630395)
Sheryl D. Eisenberg (BBO# 641304)
Sullivan Weinstein & McQuay, P.C.
Two Park Plaza
Boston, Massachusetts 02116
Dated:  October 5, 2007                (617) 348-4300

### CERTIFICATE OF SERVICE

I, C. Max Perlman, attorney for Defendants, do hereby certify that a copy of the foregoing has been duly served upon Plaintiff's Counsel, Richard A. Mulhearn, Esq., at 41 Elm Street, Worcester, MA 01609, via e-mail and first class mail, on this 5th day of October, 2007.

/s/ C. Max Perlman
C. Max Perlman