# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **PAUL PIZZUTO**<br><br>Plaintiff,<br><br>vs.<br><br>**AIRBORNE EXPRESS, INC., STEVEN CROSSKEN, JOSEPH HAMILTON, GREG SWEATT, AND ARTHUR LEVERIS,**<br><br>Defendants. | Civil Action No. 04-12492 GAO |

## ASSENTED-TO MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Airborne Express, Inc., Joseph Hamilton, Steven Crossken, Arthur Leveris and Gregory Sweatt, hereby request leave of this Court to file a reply memorandum to Plaintiff's Memorandum in Opposition To Defendant's Motion For Summary Judgment ("Plaintiff's Opposition"). As grounds for this Motion for Leave, the defendants state as follows:

1. Plaintiff's Opposition is thirty-five (35) pages.[1] As the volume of the Plaintiff's Opposition suggests, the Plaintiff has set forth many legal and factual arguments which are not, as yet, addressed in the Defendants' papers.

2. A reply will assist the Court in addressing the following specific issues raised in Plaintiff's Opposition, including but not limited to:

    a. The Plaintiff raises a reasonable accommodation claim for the first time in his Opposition. The Plaintiff never pled or substantiated such a claim.

---

[1] The Court granted leave for the Plaintiff to exceed the page limits. The defendants assented to the plaintiff's motion for leave.

    b. The Plaintiff's reasonable accommodation claim, even if properly raised, should fail due to Plaintiff's threatening behavior and failure to request a reasonable accommodation.

    c. The Plaintiff's proposed accommodation is not reasonable and may be so determined by the Court as a matter of law.

    d. The Court should disregard Plaintiff's retaliation claim, which Plaintiff's Opposition failed to address.

    e. The Court should disregard Plaintiff's claims for individual liability against Defendants Joseph Hamilton, Steven Crossken, Arthur Leveris and Gregory Sweatt, which Plaintiff's Opposition failed to adequately address.

    f. The Court should find that Defendants have not conceded that Plaintiff has met his prima facie burden, as the Plaintiff's Opposition argues.

    g. The Plaintiff's argument that this case is subject to a mixed motive analysis should fail.

    h. Even if the Court employs a mixed motive analysis, Plaintiff's claims still fail.

    i. The Plaintiff's Opposition fails to show pretext for Defendants' decision to terminate the Plaintiff's employment, and thus, fails to raise any genuine issue of material fact in dispute.

3. If permitted to do so, the Defendants will file their reply no later than December 12, 2007. The Court has scheduled oral argument for January 23, 2008, so there is plenty of time for Plaintiff's counsel to review and react to the material in the Reply.

4. Plaintiff's counsel assents to this the motion (without conceding the grounds therefor).

WHEREFORE, Defendants request leave to file their Reply To Plaintiff's Opposition To Motion For Summary Judgment by December 5, 2007.

                                                                         Airborne Express, Inc., Steven Crossken,
Joseph Hamilton,
Greg Sweatt, Arthur Leveris,

By their attorneys,

/s/ C. Max Perlman
C. Max Perlman (BBO# 630395)
Sheryl D. Eisenberg (BBO# 641304)
Sullivan Weinstein & McQuay, P.C.
Two Park Plaza
Boston, Massachusetts 02116

Dated: December 3, 2007                        (617) 348-4300

<u>ASSENTED TO:</u>

PAUL PIZZUTO,

By his attorneys,

/s/ Richard A. Mulhearn
Richard A. Mulhearn (BBO No. 359680)
Law Office of Richard A. Mulhearn
41 Elm Street
Worcester, Massachusetts 01609
(508) 753-9999

CERTIFICATE OF SERVICE

    I, C. Max Perlman, attorney for Defendants, do hereby certify that a copy of the foregoing has been duly served upon Plaintiff's Counsel, Richard A. Mulhearn, Esq., at 41 Elm Street, Worcester, MA 01609, via e-mail and first class mail, on this 3rd day of December, 2007.

                                                          /s/ C. Max Perlman

                                                          C. Max Perlman