UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL PIZZUTO,<br><br>Plaintiff,<br><br>vs.<br><br>AIRBORNE EXPRESS, INC., STEVEN CROSSKEN, JOSEPH HAMILTON, GREG SWEATT, AND ARTHUR LEVERIS,<br><br>Defendants. | Civil Action No. 04-12492 |

**ASSENTED TO MOTION FOR LEAVE FOR PLAINTIFF TO FILE A RESPONSE TO DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Plaintiff moves, with the assent of Defendants, for leave to file a response to Defendants' Reply to Plaintiff's Opposition to Motion for Summary Judgment.

In support of this motion, Plaintiff states that, in their Reply, Defendants argue that Plaintiff's reasonable accommodation claim is barred because it was not raised in the complaint and/or was not disclosed in discovery. Plaintiff would like an opportunity to respond to that argument, which was first raised in the Reply. Defendants assent to this motion without conceding the grounds therefor.

WHERFORE, Plaintiff respectfully requests that the Court grant him leave to file a response to Defendants' Reply to Plaintiff's Opposition to Motion for Summary Judgment.

        PAUL PIZZUTO,

        By his attorney,

        <u>/ s / Richard A. Mulhearn</u>
        Richard A. Mulhearn (BBO No. 359680)
        Law Office of Richard A. Mulhearn, P.C.
        41 Elm Street
        Worcester, Massachusetts 01609
        (508) 753-9999

        **Assented to**:

        AIRBORNE EXPRESS, INC., STEVEN
        CROSSKEN, JOSEPH HAMILTON, GREG
        SWEATT, AND ARTHUR LEVERIS,

        By their attorneys,

        <u>/ s / C. Max Perlman</u>
        C. Max Perlman (BBO No. 630395)
        Sullivan, Weinstein & McQuay, P.C.
        Two Park Plaza
        Boston, MA  02116-3902
        (617) 348-4300

Dated: January 8, 2008.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL PIZZUTO,<br>    Plaintiff,<br><br>v.<br><br>AIRBORNE EXPRESS, INC., STEVEN<br>CROSSKEN, JOSEPH HAMILTON,<br>GREG SWEATT AND ARTHUR<br>LEVERIS,<br>    Defendants. | )<br>)<br>)<br>)   DOCKET NO.  04-12492 GAO<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff submits this response to Defendants' Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment. This response is directed to Defendants' argument in Section I(A) of their Reply that Plaintiff's reasonable accommodation claim is barred because it was not raised in the complaint and/or was not disclosed in discovery.

**A.  Plaintiff Was Not Required To Plead His Reasonable Accommodation Theory In The Complaint**

In DeNovellis v. Shalala, 124 F.3d 298 (1st Cir. 1997), the court was faced with a similar argument. The defendant argued that the plaintiff was precluded from raising a hostile work environment argument on appeal because he failed to allege it in his complaint. The court stated that the defendant misconstrued the purpose of the complaint in federal litigation. "Under the concept of notice pleading, a complaint need not clearly articulate the precise legal theories upon which the plaintiff bases his right to recovery. The complaint must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " DeNovellis v. Shalala, 124 F.3d 298, 310 n. 6 (1st Cir. 1997) (citing Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 150 n. 3 (1984)). The DeNovellis court stated that the plaintiff made clear in his complaint the types of adverse action he was alleging and set forth the

discriminatory basis that he claimed for those actions (race, national origin, age), in violation of Title VII and the ADEA. As for legal theories, the plaintiff then put his continuing hostile work environment theory before the district court when the court considered the defendant's motion for summary judgment (albeit in a reply brief). The court held that this was sufficient to enable the plaintiff to argue that theory on appeal. 124 F.3d at 310 n. 6.

The purposes behind Rule 8(a) were addressed by the Supreme Court in <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506 (2002) (employment discrimination case). The Court stated, "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims … The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court." 534 U.S. at 512-513. "The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim." "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Id. at 514.

Applying the above standard to the present case, Plaintiff's complaint easily satisfies the requirements of Rule 8(a) because it gives Defendants fair notice of the basis for Plaintiff's claims. Plaintiff alleged that he had been discriminated against and terminated because of his disability in violation of the ADA and Chapter 151B. Complaint, para. 59-67, 77 and 83. The complaint further details the events leading to his termination, provides relevant dates and provides the identities of the relevant persons involved with his termination. Complaint, para. 43-58. These allegations give Defendants fair notice of what Plaintiff's claims are and the grounds upon which they rest. It was not

necessary for Plaintiff to specifically plead in his complaint the legal theory of failure to provide reasonable accommodation.  Discovery and the summary judgment process are sufficient to avoid any surprise to Defendants regarding the legal theories upon which Plaintiff seeks recovery.

**B.**     **Plaintiff Did Disclose His Reasonable Accommodation Theory In Discovery**

Defendants' claim that Plaintiff failed to disclose his reasonable accommodation claim in discovery is factually incorrect.  Defendants questioned Plaintiff specifically regarding this theory at his deposition on June 12, 2007.  Exhibit 8 to Plaintiff's Statement of Facts, Plaintiff Dep. at 294-295.  In that testimony, Plaintiff stated that he wasn't given the opportunity to ask for an accommodation, that instead he was "fired."  Plaintiff further testified that the accommodation that he needed was going back on short-term disability.  Moreover, Union Steward Halloran testified at his deposition that he asked Defendants Hamilton and Leveris to put Plaintiff  "out of service and let the doctors argue about it" instead of terminating Plaintiff.  Halloran testified that the company had the option to put Plaintiff out of service, but Hamilton and Leveris would not go that route.  Plaintiff's Statement of Facts, para. 68-70.  Defendant Hamilton himself was questioned at his deposition regarding the option of placing Plaintiff on involuntary medical leave, instead of terminating him.  Hamilton admitted that he had that option, but claimed that he did not recall ever investigating or thinking about it. Plaintiff's Statement of Facts, para. 71.

The reasonable accommodation issue was also explored at the deposition of Plaintiff's treating psychiatrist, Dr. Sadowsky, on August 9, 2007.  Exhibit 29 to Plaintiff's Statement of Facts**,** Dr. Sadowsky Dep. at 74.  The doctor addressed this issue specifically, testifying that if Plaintiff had not been fired, but instead had been put out on involuntary medical leave with the opportunity for treatment, there is clearly a possibility that that would have been helpful to him.

Defendants' claim that it is somehow surprised by Plaintiff's reasonable accommodation claim because it was not made evident in discovery is misleading at best.  Indeed, in their Reply, Defendants

3

devote several pages to this evidence from discovery and their legal arguments concerning that evidence. Defendants' Reply at 8-11.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests the Court to reject Defendants' argument that his reasonable accommodation claim is barred because it was not raised in the complaint and/or was not disclosed in discovery.

Respectfully Submitted,

PAUL PIZZUTO,

By his attorney,


/s/ Richard A. Mulhearn\_\_
Richard A. Mulhearn
BBO #: 359680
Law Office of Richard A. Mulhearn, P.C.
41 Elm Street
Worcester, MA 01609
Tel:  (508) 753-9999

Dated:  January 8, 2008.