UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12492-GAO

PAUL PIZZUTO,
Plaintiff,

v.

AIRBORNE EXPRESS, INC.,
STEVEN CROSSKEN, JOSEPH HAMILTON,
GREG SWEATT, and ARTHUR LEVERIS,
Defendants.

MEMORANDUM AND ORDER
March 12, 2008

O'TOOLE, D.J.

The plaintiff was discharged from his employment as a driver by Airborne Express, Inc. The Airborne management employee who made the decision was the defendant Joseph Hamilton. The other named defendants had varying roles in the events that led up to the plaintiff's discharge. The plaintiff alleges that his discharge violated the Americans with Disabilities Act, 42 U.S.C. § 12010 et seq., and the comparable Massachusetts statute that prohibits handicap discrimination, Mass. Gen. Laws ch. 151B, § 4(16). He also claims the defendants wrongly retaliated against him for exercising rights guaranteed him by the respective statutes. All defendants have moved for summary judgment on the entire complaint.

After hearing and careful review of the parties' submissions, including an extensive summary judgment record, I conclude that the plaintiff lacks evidence to support a crucial element of his claim of discrimination and further that there is a lack of evidence to support the retaliation claim. Accordingly, the defendants are entitled to summary judgment.

The factual background of the claim is amply described in the record and the parties' briefs and there is no need to restate it here except to the extent necessary to explain my decision. It is not subject to dispute that Hamilton had received reports from several supervisory employees working at the Airborne facility in Stoneham, Massachusetts, that Pizzuto had made various remarks that, while ambiguous to a degree, could reasonably have been understood as conveying threats by Pizzuto to harm others, including physically. The reports were made in a relatively compressed time period, roughly two weeks. Hamilton knew that Pizzuto had previously been granted medical leave for a complex of issues, including anxiety and stress. Hamilton received several reports on July 24, 2003 that Pizzuto had said to other employees things like, "You guys are going to get it," "Have you ever seen someone die?," "They can shoot me now with one bullet," and "I am not afraid to die." Hamilton tried to discuss the reports with Pizzuto before Pizzuto left work that afternoon, but Pizzuto refused to meet with him. The next morning Pizzuto, slightly late for work, drove his car up a ramp and into the garage facility in a manner that caused some employees in the vicinity, so they reported to Hamilton, to fear for their safety. Hamilton called Pizzuto to his office, along with a union representative. Although he had been planning to discipline Pizzuto in some measure for the threatening behavior, because of the incident that morning, he changed his mind and discharged Pizzuto outright.

Assuming that Pizzuto could establish a prima facie case of discrimination on account of an actual or perceived mental disability,[1] once the defendants have offered evidence of a legitimate, non-

---

[1] There is a factual dispute as to whether Pizzuto actually said the threatening things he was accused of saying. If it were determined that he did make the threats, it is unlikely that he would be able to establish, as part of a prima facie case, that he was a "qualified person with a disability." A person whose disability leads him to threaten others in the workplace is not able to fulfill all the essential functions of the job, one of which is workplace peace. See Calef v. Gillette Co., 322 F.3d 75, 86 (1st Cir. 2003).

2

discriminatory reason for the discharge – here, reports of threatening behavior – it falls to Pizzuto to demonstrate that the articulated reason was a pretext for discrimination. This is where his evidence fails him.

Though Pizzuto disputes the accuracy of the reports of his threatening behavior, there is no doubt the reports were made to Hamilton. There is no evidence that Hamilton himself knew, or even had reason to suspect, that the reports were untrue. Having received such reports, Hamilton could not reasonably have ignored them. There is simply no evidence that Hamilton, the decision-maker, acted for any motive other than the one he articulated, namely, that he was bound to respond to a potential threat of violence within the workplace. Without proof that Hamilton's reason was a pretext, Pizzuto's claim must fail.

The same reasons apply to the retaliation claim. There is no evidence that Hamilton, and therefore Airborne, discharged Pizzuto because Pizzuto had asserted rights assured him under the relevant statutes.

In his motion papers, Pizzuto attempts to argue that the defendants did not make a reasonable effort to accommodate his disability. Apart from the sufficient reason that such a claim was never raised in the complaint or during discovery, on the facts as presented in the record there would be no basis for such a claim. There is no evidence that Pizzuto ever sought an accommodation. Indeed, when Hamilton tried to meet with him to discuss what was going on, he spurned the request.

Finally, as to the other individual defendants, there is no evidence that they participated in the decision to terminate Pizzuto, which was made by Hamilton. Nor is there any evidence of retaliation by them for Pizzuto's exercise of protected rights.

For all these reasons, the defendants' motion is GRANTED. Judgment shall enter for the defendants.

IT IS SO ORDERED.

                                              /s/ George A. O'Toole, Jr.
                                            United States District Judge